**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 20-cv-01758-NYW-JPO

CHAD O'NEAL JONES,

     Plaintiff,

v.

ROBERT MANGUSO, in his individual capacity,
TED LAURENCE, in his individual capacity,
CHARLES KUDLAUSKAS, in his individual capacity,
KATHERINE WOLFF, in her individual capacity,
MISTY ZADE, in her individual capacity,
ZACK ENGLEBERT, in his individual capacity,
PATRICIA RAND, in her individual capacity,
KATHRYN DRAKE, in her individual capacity,
KRISTYNA ROGERS, in her individual capacity,
MARLENE ARMENTA, in her individual capacity,
ANGIE TURNER, in her individual capacity,
TIMOTHY CREANY, in his individual capacity,
STEPHANIE ALVARADO, in her individual capacity,
DANNY SALAZAR, in his individual capacity,
JERRY ROARK, in his individual capacity,
DONNY BRITTON, in his individual capacity,
AUTUMN LEWIS, in her individual capacity, and
SUSAN WOLLART, in her individual capacity,[1]

     Defendants.

_____

**MEMORANDUM OPINION AND ORDER**
_____

     This matter is before the Court on two motions:

---

[1] On March 22, 2021, Mr. Jones filed a Motion to Correct Spelling on Defendants Names, which was subsequently granted, seeking to correct the spelling of "Ted Lawrence" to "Ted Laurence" and "Briten" to "Donny Britton."  [Doc. 48; Doc. 53].  In addition, this Court takes judicial notice of various filings on the docket reflecting the preferred spellings for the names of other Defendants, *see, e.g.*, [Doc. 20; Doc. 28; Doc. 35; Doc. 42], and **DIRECTS** the Clerk of Court to **AMEND** the caption of this case accordingly.

(1)     The Motion for Summary Judgment filed by Plaintiff Chad O'Neal Jones ("Plaintiff" or "Mr. Jones"), [Doc. 104, filed October 23, 2023]; and

(2)     The CDOC Defendants' Refiled Partial Motion to Dismiss Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) (the "CDOC Defendants' Motion for Partial Dismissal") filed by Defendants Charles Kudlauskas ("Defendant Kudlauskas" or "Mr. Kudlauskas"), Ted Laurence ("Defendant Laurence" or "Mr. Laurence"), Robert Manguso ("Defendant Manguso" or "Mr. Manguso"), Patricia Rand ("Defendant Rand" or "Dr. Rand"), Misty Zade ("Defendant Zade" or "Ms. Zade"), Kathryn Drake ("Defendant Drake" or "Lieutenant Drake"), Kristyna Rogers ("Defendant Rogers" or "Sergeant Rogers"), Marlene Armenta ("Defendant Amenta" or "Sergeant Armenta"), and Timothy Creany ("Defendant Creany" or "Dr. Creany") (collectively, the "CDOC Defendants"), [Doc. 108, filed November 1, 2023].

The CDOC Defendants have responded to Mr. Jones's Motion for Summary Judgment, [Doc. 112], as have Defendants Angie Turner ("Defendant Turner" or "Ms. Turner"), Stephanie Alvarado ("Defendant Alvarado" or "Ms. Alvarado"), Danny Salazar ("Defendant Salazar" or "Mr. Salazar"), Jerry Roark ("Defendant Roark" or "Warden Roark"), Donny Britton ("Defendant Britton" or "Mr. Britton"), Autumn Lewis ("Defendant Lewis" or "Ms. Lewis"), and Susan Wollart ("Defendant Wollart" or "Nurse Wollart") (collectively, the "BCCF Defendants"), [Doc. 111].  Mr. Jones did not file a reply brief in support of his Motion for Summary Judgment, and the time to do so has expired. D.C.COLO.LCivR 7.1(d).  However, Mr. Jones responded in opposition to the CDOC Defendants' Motion for Partial Dismissal, [Doc. 115], and the CDOC Defendants filed a

Reply, [Doc. 120].  Thus, both Motions are ripe for review.  The Court has reviewed the briefing on the Motions and the applicable case law and concludes that oral argument would not materially assist in the resolution of this matter.  For the reasons set forth herein, the Motion for Summary Judgment is **DENIED** and the CDOC Defendants' Motion for Partial Dismissal is **GRANTED**.

## BACKGROUND

Mr. Jones is an inmate in the custody of the Colorado Department of Corrections (the "CDOC").  [Doc. 33 at 3].  On June 15, 2020, he initiated this civil action asserting violations of his constitutional rights related to an alleged lack of appropriate medical treatment while he was incarcerated at various CDOC facilities, including the Arkansas Valley Correctional Facility ("AVCF"), the Buena Vista Correctional Facility ("BVCF"), and the Fremont Correctional Facility ("FCF") against various defendants.  [Doc. 1].  The Honorable Gordon P. Gallagher[2] reviewed Plaintiff's original Prisoner Complaint pursuant to D.C.COLO.LCivR 8.1(b), determined it suffered from pleading deficiencies, and directed Mr. Jones to file an amended pleading within 30 days.  [Doc. 5].  After receiving an extension of time, Mr. Jones filed his First Amended Complaint on August 31, 2020. [Doc. 11].  In the First Amended Complaint, Mr. Jones alleged that he was diabetic, and that throughout his custody at AVCF, BVCF, and FCF, the named Defendants—ranging from the Governor of Colorado to various employees of the correctional facilities—ignored his diabetes complications and denied him access to necessary medical care.  [*Id.*].

---

[2] Judge Gallagher has since been appointed a district judge for the United States District Court for the District of Colorado.

Judge Gallagher then reviewed Plaintiff's First Amended Complaint and issued a Recommendation (1) that Plaintiff's claims against Jared Polis ("Defendant Polis") and Dean Williams ("Defendant Williams"), sued in their official capacities for monetary and declaratory relief, be dismissed without prejudice based on Eleventh Amendment immunity; (2) that the official capacity claims for prospective injunctive relief against Defendants Polis and Williams be dismissed without prejudice because the requested relief, i.e., a pardon, was not cognizable in a federal civil rights action; (3) that the civil rights claims brought pursuant to 42 U.S.C. § 1983 against Defendants Polis, Williams, Michelle Nelson, Anthony A. DeCesaro, P. Bueno, Gouty, Sean Pruitt, K. Frankmore, Jere Hammer, Jason Lengerich, and Burtlow in their individual capacities be dismissed without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure; and (4) that the § 1983 claims against Defendants Manguso, Laurence, Kudlauskas, Zade, Rand, Katherine Wolff ("Defendant Wolff" or "Ms. Wolff"),[3] and Zack Englebert ("Defendant Englebert" or "Dr. Englebert") be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).  [Doc. 17 at 9].  On October 6, 2020, the Honorable Lewis T. Babcock accepted the Recommendation.[4]  [Doc. 18].

---

[3] On December 11, 2020, the CDOC notified the Court that the individual named as "Kathy Wolfe" was "Katherine Wolff" and no longer employed by the CDOC.  [Doc. 28].  The CDOC provided her last known address, [*id.*], and the United States Marshals Service was ordered to serve Ms. Wolff, [Doc. 27].  It does not appear that Defendant Wolff has been served.  This Court **DIRECTS** the United States Marshals to attempt service on Defendant Wolff at the address provided and file the appropriate return of service once the attempt is made.

[4] Mr. Jones identified the Fourteenth Amendment as a basis for some of his claims against these defendants.  *See, e.g.*, [Doc. 11 at 11, 16].  However, neither Judge Gallagher nor Judge Babcock discussed the Fourteenth Amendment.  [Doc. 17; Doc. 18].  In construing Mr. Jones's Second Amended Complaint liberally and drawing all inferences in his favor, this Court interprets the pleading as implicating Plaintiff's Fourteenth Amendment rights.

This case was then randomly reassigned to the Honorable S. Kato Crews.[5]  [Doc. 18].  On October 7, 2020, the Clerk of Court mailed a Certificate of Service and copies of the First Amended Complaint and associated service documents to the CDOC Office of Legal Affairs for service of process on Defendants Manguso, Laurence, Kudlauskas, Wolff, Zade, Englebert, and Rand.  [Doc. 19].  Defendants Kudlauskas, Laurence, Manguso, Rand, and Zade then waived service[6] on October 7, 2020.[7]  [Doc. 20].

On January 5, 2021, Mr. Jones filed for "Leave to File a Supplemental Complaint." [Doc. 31].  In that motion, he sought leave to supplement his First Amended Complaint with allegations concerning subsequent events.  [*Id.* at 1].  He also filed a proposed Supplemental Complaint that named additional defendants, including Defendants Drake, Rogers, Armenta, Turner, Creany, Alvarado, Salazar, Roark, Britton, Lewis, and Wollart, and articulated claims against them.  *See* [Doc. 31-1 at 1, 7–11].  Three days later, Judge Crews granted Mr. Jones leave to amend and directed the Clerk of Court to docket the "Primary Complaint" (referring to what this Court has called the First Amended Complaint, [Doc. 11]) and the proposed Supplemental Complaint, [Doc. 31-1], together.  [Doc. 32].

---

[5] Judge Crews has since been appointed a district judge for the United States District Court for the District of Colorado.

[6] The CDOC also waived service on behalf of Jason Lengerich ("Mr. Lengerich"), *see* [Doc. 20], but Judge Babcock had dismissed all claims against Mr. Lengerich on October 6, 2020, [Doc. 18].

[7] The CDOC notified the Court that Defendant Englebert was not an employee of the CDOC but provided only "contractual clinical services."  [Doc. 20].  The Clerk of Court then attempted to send Dr. Englebert the First Amended Complaint and associated documents via certified mail, but the envelope was returned as undeliverable.  [Doc. 29; Doc. 30].  It does not appear that Defendant Englebert has been served.  Accordingly, and no later than **April 30, 2024**, the Court **ORDERS** the CDOC to **FILE** either the last known address for Defendant Englebert under restriction, or a Notice that it has no last known address for Defendant Englebert.

The operative pleading in this action (the "Second Amended Complaint") is the combination of those two documents.  *See* [Doc. 33].  On January 13, 2021, the CDOC waived service on behalf of Defendants Drake, Rogers, Armenta, and Creany.  [Doc. 35].  On January 25, 2021, Defendants Turner, Alvarado, Salazar, Roark, Britton, Lewis, and Wollart waived service through counsel.  [Doc. 42].

In the Second Amended Complaint, Mr. Jones asserts the following causes of action pursuant to 42 U.S.C. § 1983, all for violations of the Eighth and Fourteenth Amendments based on deliberate indifference to serious medical needs, and all brought against the CDOC and BCCF Defendants in their individual capacities[8]:

(1)     a claim against Defendants Manguso and Laurence for denying or delaying access to care for Mr. Jones's diabetic foot ulcer at AVCF ("Count I"), [Doc. 33 at 10–13];

(2)     a claim against Defendant Kudlauskas for denying or delaying access to a medical boot, glucometer, and other diabetic treatment for Mr. Jones at BVCF ("Count II"), [*id.* at 13–15];

(3)     a claim against Defendants Zade, Rand, Wolff, and Englebert for failing to appropriately address Mr. Jones's diabetic foot ulcer and the associated pain at FCF ("Count III"), [*id.* at 15–18];

---

[8] This Court does not construe Judge Crews's ruling as permitting Plaintiff to resurrect the claims and defendants dismissed by Judge Babcock.  *See* [Doc. 32].  Rather, the operative Second Amended Complaint is limited by Judge Babcock's ruling, [Doc. 18], which left only Plaintiff's claim for deliberate indifference, arising from the alleged denial of access to adequate medical care for diabetes, against Defendants Manguso, Laurence, Kudlauskas, Wolff, Zade, Englebert, and Rand.  The Court views those allegations as arising under the Eighth and Fourteenth Amendments.  *See supra*, n.4.

(4)    a claim against Defendants Rogers, Armenta, and Drake for failing to take Mr. Jones to the medical department for daily wound care and failing to feed him within 30 minutes after he was provided insulin ("Count IV"), [*id.* at 31];

(5)    a claim against a "person . . . to be named at a later date" for transferring Mr. Jones to the Bent County Correctional Facility ("BCCF") in September 2020 ("Count V"), [*id.* at 32];

(6)    a claim against Defendant Turner for stopping Mr. Jones's "treatment Plan" at BCCF ("Count VI"), [*id.*];

(7)    a claim against Defendant Creany for decreasing Mr. Jones's dosage of insulin, and against Defendant Turner for failing to provide Mr. Jones with custom shoes at BCCF ("Count VII"), [*id.* at 32–33];

(8)    a claim against Defendants Alvarado and Salazar for failing to obtain care for Mr. Jones when his blood sugar was low ("Count VIII"), [*id.* at 33–34];

(9)    a claim against Defendants Roark and Britton for allowing others at BCCF to fail to provide medical care and then not reporting their conduct to law enforcement ("Count IX"), [*id.* at 34]; and

(10)   a claim against Defendants Lewis and Wollart for stopping Mr. Jones's wound care and failing to provide food following insulin due to a COVID-19 lockdown at BCCF ("Count X"), [*id.* at 35].

The Second Amended Complaint seeks various forms of damages and injunctive relief, including that Defendants Drake, Rogers, Armenta, Alvarado, Salazar, Roark, and

Britton "be sent to local authorities and the attorney generals officer for prosecution."[9]  [*Id.* at 21, 36].  On March 12, 2021, the BCCF Defendants filed an Answer to the Second Amended Complaint.  [Doc. 45].  On March 15, 2021, the CDOC Defendants filed a Motion to Dismiss, [Doc. 46], to which Mr. Jones responded,[10] [Doc. 55], and the CDOC Defendants replied, [Doc. 59].

On January 27, 2022, Plaintiff filed a "Change of Address and an Emergency Injunctive and Declaratory Relief Order," [Doc. 61], through which he sought to assert claims for additional relief.  On February 17, 2022, both the BCCF Defendants and the CDOC Defendants responded to Plaintiff's filing.  [Doc. 62; Doc. 63].  On March 9, 2022, Judge Crews construed the filing as a motion to amend the operative pleading and advised Mr. Jones that he could not amend the Second Amended Complaint in that manner.  [Doc. 64].  Judge Crews set a deadline of April 8, 2022, for Mr. Jones to seek leave to amend and provide a copy of his proposed pleading, and he denied the CDOC Defendants' motion to dismiss without prejudice, pending Plaintiff's determination as to whether to seek amendment.  [*Id.*].

After receiving an extension of time, Mr. Jones filed a motion to amend on May 9, 2022, [Doc. 68], attaching a proposed Third Amended Complaint, [Doc. 68-1].  The BCCF Defendants did not oppose the amendment, [Doc. 69], but the CDOC Defendants did,

---

[9] When this Court quotes from Plaintiff's filings, it does so without the use of [sic] or the correction of spelling or syntax.

[10] Mr. Jones's response brief was incorrectly docketed as a Response to the Motion for Extension of Time.  [Doc. 55].  The Court **DIRECTS** the Clerk of Court to correct the docket entry associated with [Doc. 55] to reflect that it is Plaintiff's Response to the Motion to Dismiss [Doc. 46].

[Doc. 70].  On September 19, 2022, Judge Crews had this case drawn to a district judge, and this action was reassigned to the undersigned.  [Doc. 77; Doc. 78].

On October 17, 2022, Mr. Jones filed a Supplemental Complaint, which the BCCF Defendants answered, [Doc. 82], and the CDOC Defendants moved to strike, [Doc. 83]. On March 7, 2023, Judge Crews granted the CDOC Defendants' request that the Supplemental Complaint be stricken and denied Mr. Jones's May 2022 motion to amend without prejudice.  [Doc. 96].  He also set a Telephonic Status Conference for April 28, 2023, to discuss, among other matters, "one final deadline for Plaintiff to move for amendment as well as deadlines for Defendants to file any answers or other responsive pleadings." [*Id*.].  At the Telephonic Status Conference, Judge Crews set a May 19, 2023, deadline for a motion for leave to file an amended complaint and proposed amended complaint.  [Doc. 97].  Mr. Jones did not file any documents by the deadline.  *See* [Doc. 103].  Thus, Judge Crews deemed the Second Amended Complaint the operative pleading in this matter, and he granted the CDOC Defendants leave either to refile their prior motion to dismiss or to answer the Second Amended Complaint.  [*Id*.].

On October 23, 2023, Plaintiff filed the instant Motion for Summary Judgment. [Doc. 104].   On November 1, 2023, the BCCF Defendants answered the Second Amended Complaint.  *Compare* [Doc. 107], *with* [Doc. 45].  That same day, the CDOC Defendants refiled the instant Motion for Partial Dismissal.  [Doc. 108].  While both the Motion for Summary Judgment and the CDOC Defendants' Motion for Partial Dismissal were originally referred to Judge Crews for recommendation, [Doc. 105; Doc. 109], this Court now adjudicates those motions upon the reassignment of this action to the Honorable James P. O'Hara, a visiting judge, [Doc. 121].

## LEGAL STANDARDS

### I.      Pro Se Litigants

Mr. Jones proceeds pro se in this action.[11]  Accordingly, the Court affords his filings a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

### II.     Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way.  A fact is material if under the substantive law it is essential to the proper disposition of the claim."  *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (cleaned up).  In resolving a motion for summary judgment, the Court reviews the evidence in the light most favorable to the nonmoving

---

[11] On March 22, 2021, Plaintiff filed a Motion for Appointment of Counsel, which Judge Crews granted on May 26, 2021.  [Doc. 47; Doc. 54].  As part of his Order granting appointment of counsel, Judge Crews advised Mr. Jones:  "there is no guarantee that Panel members will undertake representation in every case selected as part of the Pilot Program.  The Court cautions that unless and until Counsel enters an appearance on his behalf, Plaintiff is responsible for all scheduled matters, including hearings, depositions, motions and trial."  [Doc. 54 (emphasis in original)].  As of the date of this Memorandum Opinion and Order, the undersigned is advised by this District's Civil Pro Bono Panel that after four attempts to secure counsel for Mr. Jones, pro bono representation could not be obtained.  There is no constitutional right to counsel in civil cases.  *See Turner v. Rogers*, 564 U.S. 431, 441 (2011); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). Based on its review of Mr. Jones's filings to date, this Court is satisfied that Mr. Jones can adequately represent himself at this juncture.

party, *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998), and must refrain from weighing evidence or making credibility determinations, *see Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008).

The movant's burden on summary judgment depends on who bears the ultimate burden at trial.  A movant who will not bear the burden of persuasion at trial need not disprove the other party's claim; rather, the moving party must only point the Court to a lack of evidence for the other party on an essential element of that party's claim.  *Adler*, 144 F.3d at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  If, however, the movant has the burden of proof at trial, "a more stringent summary judgment standard applies."  *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008).  In such a case, the movant "must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case."  *Id.*

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to set forth specific facts, supported by admissible evidence, showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  To defeat summary judgment, the nonmovant cannot rely on arguments of counsel or conclusory statements based on speculation, conjecture, or subjective belief.  *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004); *see also* 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2738 (Apr. 2023 update) (explaining that the nonmovant cannot rely on "mere reargument of [his] case or the denial of an opponent's allegation" to defeat summary judgment).  Instead, the nonmovant has a responsibility to "go beyond the pleadings and designate specific facts so as to make a

showing sufficient to establish the existence of an element essential to his case in order to survive summary judgment."  *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (cleaned up).

### III.   Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted).   A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible" (quotation omitted)).  The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

With these standards in mind, this Court considers Plaintiff's Motion for Summary Judgment and the CDOC Defendants' Motion for Partial Dismissal.

## ANALYSIS

### I.    Plaintiff's Motion for Summary Judgment

Mr. Jones filed for summary judgment in his favor on October 23, 2023.  [Doc. 104].
Both the BCCF Defendants and the CDOC Defendants oppose.  [Doc. 111; Doc. 112].
Even reviewing Mr. Jones's filing liberally, this Court concludes that Mr. Jones has not
met his burden.  Mr. Jones does not discuss the legal standard for summary judgment
generally, his various claims specifically, or offer any undisputed facts or argument to
support judgment in his favor for any particular claim.  *See* Fed. R. Civ. P. 56 (requiring a
party moving for summary judgment to, among other things:  (1) identify each claim or
defense on which summary judgment is sought; (2) show that there is no genuine dispute
of material fact; and (3) support his assertion by citing to specific material in the record);
*see also* NYW Civ. Practice Standard 7.1D.  While Mr. Jones proceeds pro se, the Court
may not act as his advocate by constructing legal theories or locating factual support for
his claims.  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing
*Hall*, 935 F.2d at 1110).  This Court respectfully concludes that summary judgment must
be denied because Mr. Jones has failed to satisfy his burden under Rule 56.

To the extent that Mr. Jones requests that this action proceed to the discovery
phase, however, *see* [Doc. 104], this Court respectfully agrees that discovery should
proceed expeditiously following the entry of this Memorandum Opinion and Order.  Thus,
in conjunction with the resolution of these instant Motions, this Court respectfully **REFERS**
this case to Judge O'Hara to set a conference as he deems appropriate to set a pretrial
schedule and discovery limitations.

## II.     The CDOC Defendants' Motion for Partial Dismissal

The CDOC Defendants move for dismissal of the Second Amended Complaint on several grounds.  First, they argue that Mr. Jones cannot bring any claim for relief under the Fourteenth Amendment because the Eighth Amendment covers his claims.  [Doc. 108 at 4–5].  Second, Defendants Kudlauskas, Laurence, Manguso, Rand, Zade, and Creany argue that Mr. Jones has failed to allege sufficient facts to support claims against them for alleged deliberate indifference.  [*Id.* at 5–7].  Specifically, Defendants Manguso, Laurence, and Zade move to dismiss any claims against them because, they contend, the Second Amended Complaint alleges merely a disagreement over treatment, which is not a cognizable act of deliberate indifference.  [*Id.* at 7–10].  Meanwhile, Defendants Kudlauskas, Rand, and Creany argue that the Second Amended Complaint does not allege that they personally participated in any violation of Mr. Jones's constitutional rights, and Dr. Creany further argues that, at most, the Second Amended Complaint describes "a disagreement over medical treatment and relies on conclusory speculation."  [*Id.* at 10–12].  Next, Defendants Armenta, Drake, and Rogers move to dismiss any request for injunctive relief that Mr. Jones seeks against them.  [*Id.* at 12–13].  Finally, Defendants Manguso, Laurence, Zade, Kudlauskas, Rand, and Creany argue that they are entitled to qualified immunity because Plaintiff has failed to allege facts establishing a violation of clearly established law.  [*Id.* at 13–14].

For his part, Mr. Jones urges the Court to allow him to go forward on his claims pursuant to the Fourteenth Amendment.  [Doc. 115 at 2].  He further argues that he has alleged sufficient facts to support his Eighth Amendment claims and that the claims do not amount simply to a disagreement as to his care.  [*Id.*].  Specifically, Mr. Jones

contends that Defendant Laurence used a pumice bar on his foot ulcer that allowed the pumice to get into the wound, when the package indicated that the bar was not to be used on diabetics.  [*Id.*].  In addition, Mr. Jones argues that Defendant Manguso's refusal to treat him until he purchased Absorbase cream violated the Constitution, and that the Constitution "does not allow general practitioners to handle matters that require the attention of a specialist." [*Id.* at 3].  Mr. Jones also argues that his claims with respect to Ms. Zade are also not simply a disagreement over treatment because she "overruled a specialist that her facility sent [him] to and a provider in the facility."  [*Id.*].  Plaintiff responds to the CDOC Defendants' personal-participation arguments by contending that (1) Defendant Kudlauskas tried to debride Mr. Jones's foot with an instrument that he did not know how to use; (2) Defendant Rand refused to send Mr. Jones to see a foot specialist even though his bone and tendon were visible as a "stage 3 presure ulcer"; and (3) Defendant Creany knew that because of COVID-19 protocols, there was no wound care available to Mr. Jones.  [*Id.* at 3–4].  With respect to prospective injunctive relief against Defendants Armenta, Rogers, and Drake, Mr. Jones appears to argue that *Brown v. Plata* permits this Court to order the requested injunctive relief.  [*Id.* at 4].  Mr. Jones further argues that Defendants Manguso, Laurence, Zade, Kudlauskas, Rand, and Creany are not entitled to qualified immunity because they violated his constitutional and statutory rights that were clearly established at the time.  [*Id.*].  Finally, Plaintiff argues that he is entitled to discovery to prove his claims.  [*Id.* at 4–5].

In their reply brief, the CDOC Defendants argue that the Eighth Amendment is the proper constitutional amendment here and that, regardless, it shares the same legal standard as the Fourteenth Amendment for purposes of this case.  [Doc. 120 at 2–3].

With respect to Plaintiff's assertion of additional facts, the CDOC Defendants urge this Court to limit its review to the facts alleged in the Second Amended Complaint, but contend that the analysis would not change even if the Court considered these new factual allegations.  [*Id*. at 4–6].  The CDOC Defendants further argue that *Brown v. Plata* does not stand for the proposition that injunctive relief can be obtained against government officials named solely in their individual capacities.  [*Id*. at 6].  Finally, the CDOC contends that Mr. Jones has not adequately addressed their invocation of qualified immunity on behalf of Defendants Manguso, Laurence, Zade, Kudlauskas, Rand, and Creany.  [*Id*. at 7].

### A.    Fourteenth Amendment Claims

The Fourteenth Amendment's Due Process Clause has a substantive component which "forbids the government to infringe certain 'fundamental' liberty interests."  *See Reno v. Flores*, 507 U.S. 292, 301–02 (1993).  But "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (quotation omitted).  The Eighth Amendment is generally understood to protect the rights of convicted prisoners.  *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020).  Specifically, the Eighth Amendment's proscription on cruel and unusual punishment extends to the conditions under which an inmate is confined.  *See Contreras ex rel. A.L. v. Dona Ana Cnty. Bd. of Cnty. Comm'rs*, 965 F.3d 1114, 1116 (10th Cir. 2020) (Tymkovich, J., concurring).  And the Eighth Amendment is made applicable to

the states through the Fourteenth Amendment.  *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

A review of the Second Amended Complaint reveals that Mr. Jones makes no distinction between the Eighth and Fourteenth Amendments.  *See generally* [Doc. 33]. Accordingly, any Fourteenth Amendment claim would be duplicative of Plaintiff's Eighth Amendment claims.  *See Brooks v. Colo. Dep't of Corr.*, No. 18-cv-02578-PAB-SKC, 2019 WL 4120753, at *6 (D. Colo. Aug. 6, 2019) ("Here, there are no differentiating facts between Brooks' Eighth Amendment claim and his Fourteenth Amendment claim.  . . . Thus, the Fourteenth Amendment claim is duplicative of the Eighth Amendment claim and should be dismissed on that ground."), *report and recommendation adopted*, 2019 WL 4085371 (D. Colo. Aug. 29, 2019).  To the extent the causes of action against the CDOC Defendants arise under the Fourteenth Amendment, they are **DISMISSED** as duplicative, and this Court proceeds to review Mr. Jones's claims solely under the Eighth Amendment. *See Riddle*, 83 F.3d at 1202; *Cnty. of Sacramento*, 523 U.S. at 842.

### B.    Injunctive Relief against Defendants Armenta, Rogers, and Drake

The CDOC Defendants next argue that Mr. Jones's request for injunctive relief against Defendants Armenta, Rogers, and Drake is improper because they are sued only in their individual capacities.  *See* [Doc. 108 at 12–13].  Mr. Jones does not dispute that he has brought his claims against these Defendants in their individual, rather than official, capacities.  *See* [Doc. 115 at 4]; *see also* [Doc. 33 at 27].  Rather, he emphasizes that Defendants Armenta, Rogers, and Drake have not moved to dismiss the Eighth Amendment claim against them.  *See* [Doc. 115 at 4].

Mr. Jones is correct that Defendants Armenta, Rogers, and Drake have not moved to dismiss Count IV insofar as it seeks money damages for violation of the Eighth

Amendment.  *See* [Doc. 108 at 7 n.2].  Instead, they focus on the request for injunctive relief Plaintiff makes against them, and several of the BCCF Defendants, in their individual capacities.  *See* [Doc. 33 at 36].  A request for injunctive relief is not a distinct cause of action.  *See Brickert v. Deutsche Bank Nat'l Tr. Co.*, 380 F. Supp. 3d 1127, 1141 (D. Colo. 2019).  But it is well-settled that "[s]ection 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief."  *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991)).  And it is undisputed that Plaintiff does not bring any claims against Defendants Armenta, Rogers, or Drake in their official capacities.  *See* [Doc. 33 at 27; Doc. 115 at 4].  Finally, to the extent Plaintiff relies on the Supreme Court's decision in *Brown v. Plata*, [Doc. 115 at 4], the Court agrees with Defendants that this case is inapposite because it does not concern "whether a plaintiff can seek injunctive relief from a government official named solely in his or her individual capacity," [Doc. 120 at 6]; *see also Brown v. Plata*, 563 U.S. 493 (2011).  The Court respectfully concludes that dismissal of Plaintiff's request for injunctive relief as to Defendants Armenta, Rogers, and Drake, named in their individual capacities, is appropriate.  Count IV remains only to the extent it seeks money damages.[12]

### C.    Qualified Immunity

Assuming without deciding that Plaintiff states Eighth Amendment claims against Defendants Manguso, Laurence, Zade, Kudlauskas, Rand, and Creany, the Court respectfully concludes that these Defendants are entitled to qualified immunity because

---

[12] Insofar as Mr. Jones continues to seek a pardon as a form of injunctive relief, Judge Gallagher has explained that such a request is not appropriate in this civil rights action. *See* [Doc. 17 at 5].

Plaintiff has failed to carry his burden to show that they violated clearly established law. The doctrine of qualified immunity protects government officials from individual liability for actions carried out while performing their official duties so long as their conduct does not violate clearly established constitutional or statutory rights.  *See Washington v. Unified Gov't of Wyandotte Cnty.*, 847 F.3d 1192, 1197 (10th Cir. 2017).  Once a defendant has asserted qualified immunity as a defense, the plaintiff bears the burden to establish that (1) the defendant violated a constitutional or statutory right, and (2) the right was clearly established at the time of the defendant's action.  *See Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015).  The Court may address these two prongs in either order.  *See Pearson v. Callahan*, 555 U.S. 223, 243 (2009).

The CDOC Defendants primarily argue that qualified immunity shields Defendants Manguso, Laurence, Zade, Kudlauskas, Rand, and Creany from suit because Mr. Jones has failed to show that they violated a federal constitutional or statutory right, which means "he *necessarily* has failed to allege facts establishing the violation of a clearly established one."  [Doc. 108 at 13–14].  Although the CDOC Defendants' argument focuses on the first prong of qualified immunity, it remains Mr. Jones's burden to establish both prongs.  *See Hunt v. Montano*, 39 F.4th 1270, 1284–85 (10th Cir. 2022) (holding that "[e]ven if the [defendants] failed to argue the clearly established prong in detail, as here, [plaintiffs] still bore the burden to demonstrate that it was met").  All Mr. Jones says in response to the CDOC Defendants' qualified immunity argument is:  "In my complaint I have showen defendants have violated the federal constitution and statutory rights and I clearly established my rights at the time."  [Doc. 115 at 4].

The second prong of the qualified immunity test presents a legal, rather than factual, inquiry.   And "generalized propositions of law are insufficient for clearly established law purposes."   *Doe v. Woodard*, 912 F.3d 1278, 1298 n.23 (10th Cir. 2019). Instead, a right is "clearly established" if there is a Supreme Court or Tenth Circuit decision on point or if the weight of authority in other courts provides that the right is clearly established.   *See Washington*, 847 F.3d at 1197; *DeSpain v. Uphoff*, 264 F.3d 965, 979 (10th Cir. 2001).   A case is considered "on point" if it involves materially similar conduct to the case at hand or applies "with obvious clarity" to the conduct at issue.   *Lowe v. Raemisch*, 864 F.3d 1205, 1208 (10th Cir. 2017) (quotation and emphasis omitted). Although a case directly on point is not required, "existing precedent must have placed the statutory or constitutional question beyond debate."   *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

As a pro se litigant, Mr. Jones is still bound by the same substantive and procedural law as a represented party, and this Court cannot act as his advocate.   *Murray*, 312 F.3d at 1199 n.3; *Hall*, 935 F.2d at 1110.   Mr. Jones identifies no Supreme Court or Tenth Circuit cases in his opposition to the CDOC Defendants' Motion for Partial Dismissal, let alone cases that demonstrate that any violations alleged here were clearly established.   *See* [Doc. 115 at 4].   Nor does Mr. Jones cite cases elsewhere in his filing that could suggest to the Court the law is clearly established.   *See* [*id.*].   Accordingly, Plaintiff has not met his burden to show that Defendants violated clearly established law.   *See Cappelli v. Hickenlooper*, No. 17-cv-01439-PAB-NRN, 2018 WL 11546717, at *12 (D. Colo. Sept. 30, 2018) (granting qualified immunity where "plaintiffs [did] not cite any authority that clearly establishe[d]" a constitutional violation); *Brick v. Estancia Mun. Sch. Dist.*, No. 1:18-cv-

01143-JCH-JHR, 2020 WL 6144706, at *5 (D.N.M. Oct. 20, 2020) (granting qualified immunity where litigant "[did] not identify or cite any authority to support the alleged violation of a clearly established right").    Defendants Manguso, Laurence, Zade, Kudlauskas, Rand, and Creany are entitled to qualified immunity.  Accordingly, the Court respectfully **DISMISSES without prejudice** Count I against Defendants Manguso and Laurence, Count II against Defendant Kudlauskas, Count III against Defendants Zade and Rand, and Count VII as against Defendant Creany, based on qualified immunity.[13]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)    Plaintiff Chad O'Neal Jones's Motion for Summary Judgment [Doc. 104] is **DENIED**;

(2)    The CDOC Defendants' Refiled Partial Motion to Dismiss Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) [Doc. 108] is **GRANTED**;

(3)    All Fourteenth Amendment claims against the CDOC Defendants in Counts I, II, III, and VII are **DISMISSED** as duplicative;

(4)    Counts I, II, III are **DISMISSED without prejudice**;

(5)    Count VII as to Defendant Creany is **DISMISSED without prejudice**;

(6)    Plaintiff's request for injunctive relief against Defendants Armenta, Rogers, and Drake in their individual capacities is **DISMISSED with prejudice**, but Count IV **REMAINS** insofar as it seeks money damages;

---

[13] Count VII remains to the extent it seeks relief against Defendant Turner.

(7)      On or before **April 30, 2024**, the CDOC **SHALL FILE** either the last known address for Defendant Englebert under restriction, or a Notice that it has no last known address for Defendant Englebert;

(8)      This matter is **REFERRED** to the Honorable James P. O'Hara to conduct a Status and/or Scheduling Conference; and

(9)      A copy of this Order shall be sent to:

Chad O'Neal Jones, #160427
Colorado Territorial Correctional Facility
P.O. Box 1010
Cañon City, CO 81215-1010


DATED:  April 16, 2024                  BY THE COURT:

_____
Nina Y. Wang
United States District Judge