IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 20-cv-01758-NYW-TPO

CHAD O'NEAL JONES,

    Plaintiff,

v.

KATHERINE WOLFF,
ZACHARY ENGELBERT,
KRISTYNA ROGERS,
MARLENE ARMENTA,
ANGIE TURNER,
STEPHANIE ALVARADO,
DANNY SALAZAR,
JERRY ROARK,
DONNY BRITTON,
AUTUMN LEWIS, and
SUSAN WOLLART,

    Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Timothy P. O'Hara, issued on August 15, 2025 ("Recommendation"). [Doc. 198]. Judge O'Hara recommends granting Defendant Zachary Engelbert's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(c) (or "Motion"). [*Id.* at 15–16; Doc. 153]. Judge O'Hara recommends that summary judgment be entered in favor of Defendant Zachary Engelbert ("Dr. Engelbert") on Plaintiff's sole claim of deliberate indifference to medical needs against Dr. Engelbert. [Doc. 198 at 15–16]. Plaintiff Chad Jones ("Plaintiff" or "Mr. Jones") filed a document titled "Responds to Engelberts Summary Judgment Recommendation." [Doc. 202]. The Court construes filing this as

an objection to Judge O'Hara's Recommendation and refers to it as the "Objection."  Dr. Engelbert has responded to the Objection.  [Doc. 210].  For the following reasons, Plaintiff's Objection is respectfully **OVERRULED** and the Recommendation is **ADOPTED**.

## BACKGROUND

In the Recommendation, Judge O'Hara sets out the factual and procedural background of this case in detail and identifies a number of undisputed material facts.  [Doc. 198 at 2–6, 8–9].  Plaintiff does not object to Judge O'Hara's summary of the facts or the list of undisputed material facts.  [Doc. 202].  The Court **ADOPTS** the Statement of Undisputed Material Facts in the Recommendation and briefly recounts the background of the case only as necessary to resolve Plaintiff's Objection.

Plaintiff is an inmate in the custody of the Colorado Department of Corrections ("CDOC").  *See* [Doc. 33].  He is diabetic and suffers from a "diabetic ulcer on [his] foot." [*Id.* at 12, 14].  Plaintiff alleges that he saw Dr. Engelbert for treatment on two occasions and requested pain medication and special shoes for his foot pain.  [*Id.* at 15].  According to Plaintiff, Dr. Engelbert offered Plaintiff Tylenol but did not prescribe him pain medication or special shoes.  [*Id.* at 15–16].  Plaintiff brings a single claim against Dr. Engelbert under 42 U.S.C. § 1983 based on deliberate indifference to Plaintiff's medical needs in violation of the Eighth and Fourteenth Amendments.  [*Id.* at 4, 15–16].

Dr. Engelbert moved for summary judgment on Plaintiff's claim against him on February 3, 2025.  [Doc. 153].  On July 25, 2025, Plaintiff advised the Court that he had "just received" the Motion and requested that he be given until August 14, 2025 to respond to the Motion.  [Doc. 193].  In a subsequent Minute Order, Judge O'Hara noted that Dr. Engelbert's Motion had been pending since February and extended Plaintiff's deadline to

respond to August 8, 2025.  [Doc. 195 at 1].  Judge O'Hara expressly warned Plaintiff that this was a "firm deadline" and "[n]o further extension will be granted."  [*Id.*].  Plaintiff did not file a response to the Motion by August 8, nor by his originally requested deadline of August 14.

Judge O'Hara issued the Recommendation on August 15, 2025.  [Doc. 198].  He observed that "Plaintiff did not file a response despite being accorded ample time to do so."  [*Id.* at 1, 6].  Judge O'Hara found that summary judgment is warranted because there is no evidence of the "extraordinary degree of neglect" required for a deliberate indifference claim against a medical professional.  [*Id.* at 13 (quoting *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006)].  Based on Plaintiff's medical records and Declaration and expert report of Dr. Peter Crum, [Doc. 153-1], Judge O'Hara discerned no genuine issue of fact as to whether Dr. Engelbert provided appropriate diabetes care for Plaintiff, [Doc. 198 at 12].  Judge O'Hara also observed that "Plaintiff's own interference" contributed to his inability to obtain the level of medical care that he desired.  [*Id.* at 14–15].  Judge O'Hara accordingly recommends granting summary judgment on Plaintiff's deliberate indifference claim against Dr. Engelbert.  [*Id.* at 15–16].

Mr. Jones filed his Objection on September 2, 2025.  [Doc. 202].  Dr. Engelbert has responded.  [Doc. 210].  The Court addresses their arguments below.

## LEGAL STANDARDS

### I.     Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B).  The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed.

3

R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

## II.     Rule 56

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way.  A fact is material if under the substantive law it is essential to the proper disposition of the claim."  *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (citation and quotations omitted).

If the movant demonstrates that no genuine issues of material fact exist, the burden shifts to the non-movant to "set out specific facts showing a genuine issue for trial."  *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (quoting Fed. R. Civ. P. 56(e)(2)).  The non-movant must point to competent evidence showing a genuine factual issue; it cannot rely on "[u]nsubstantiated allegations" or "mere speculation, conjecture, or surmise."  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). In considering the evidence in the record, the Court cannot and does not weigh the evidence or determine the credibility of witnesses.  *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008).  At all times, the Court views the record in the light most

favorable to the nonmoving party. *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

## III. Pro Se Filings

In applying the above principles, the Court is mindful that Mr. Jones proceeds pro se. The Court thus affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

Construed liberally, Plaintiff's Objection appears to argue that (1) Judge O'Hara erred in issuing the Recommendation without waiting for Plaintiff to respond; and (2) Judge O'Hara erred to the extent he found that Dr. Engelbert "reasonably and appropriately" responded to Plaintiff's health conditions by offering Tylenol. *See* [Doc. 202].

With respect to Plaintiff's first argument, the Court respectfully agrees with Dr. Engelbert that Judge O'Hara need not have delayed further in issuing the Recommendation. [Doc. 210 at 5–6]. This District's Local Rules allot a party "21 days after the date of service of a motion, or such lesser or greater time as the court may allow" to respond to a motion. D.C.COLO.LCivR 7.1(d). More importantly, Local Rule 7.1(d) provides that "[n]othing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed." *Id.* In other words, Judge O'Hara was free to issue a

recommendation on the Motion "at any time" after it was filed, regardless of whether Mr. Jones had filed a response. By the time Judge O'Hara issued the Recommendation, the Motion had been pending for roughly six months, and Plaintiff had failed to file a response within the extended deadline, despite Judge O'Hara's warning that the extended deadline was "firm." [Doc. 195 at 1; Doc. 198 at 6]. The Court finds no error in Judge O'Hara's decision to issue the Recommendation without a response from Plaintiff.

Regarding Plaintiff's second argument, an unsubstantiated allegation that Tylenol was insufficient to treat his foot pain is insufficient to avoid summary judgment. *Bones*, 366 F.3d at 875. As Judge O'Hara pointed out, it is well settled that "prison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants." *Lamb v. Norwood*, 899 F.3d 1159, 1162 (10th Cir. 2018); [Doc. 198 at 12–13 (collecting cases)]. The Objection does not point to competent evidence demonstrating that Plaintiff's complaint is more than a disagreement over treatment.

Nor does it respond to the Recommendation's analysis of the evidence. By failing to respond to a motion for summary judgment within the timeframe ordered by the Court or set by the Local Rules, Mr. Jones waived the right to controvert facts properly supported within the summary judgment papers. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). And upon its own de novo review of the Recommendation, Plaintiff's medical records, Dr. Crum's Declaration and expert report, and the record as a whole, the Court respectfully concludes that there is no genuine dispute of fact as to whether Dr. Engelbert's treatment of Plaintiff reflected the "extraordinary degree of neglect" required to prevail on a deliberate indifference claim. *Self*, 439 F.3d at 1232–33 ("The negligent

6

failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." (quotation omitted)).

Finally, given the cursory nature of Plaintiff's Objection, the Court has reviewed the remaining portions of the Recommendation and satisfied itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment; *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (recognizing that, in the absence of an objection, a district court may review a recommendation "under any standard it deems appropriate").  Based on this review, the Court concludes that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.  The Objection is respectfully **OVERRULED**, and the Recommendation is **ADOPTED**.

Accordingly, it is **ORDERED** that:

(1) To the extent Plaintiff's filing titled "Responds to Engelberts Summary Judgment Recommendation" [Doc. 202] objects to the Recommendation, Plaintiff's Objection is **OVERRULED**;

(2) The Recommendation [Doc. 198] is **ADOPTED**;

(3) Defendant Zachary Engelbert's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(c) [Doc. 153] is **GRANTED**;

(4) Summary Judgment **SHALL ENTER** in favor of Dr. Engelbert and against Plaintiff on Plaintiff's sole claim against Dr. Engelbert; and

---

[1] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

7

(5) The Clerk of Court shall mail a copy of this Order to:

> Chad O'Neal Jones
> #160427
> Centennial Correctional Facility (CCF)
> P.O. Box 600
> Canon City, CO 81215

DATED:  September 29, 2025        BY THE COURT:

_____
Nina Y. Wang
United States District Judge