**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 20-cv-01758-NYW-TPO

CHAD O'NEAL JONES,

     Plaintiff,

v.

KATHERINE WOLFF,
KRISTYNA ROGERS,
MARLENE ARMENTA,
ANGIE TURNER,
STEPHANIE ALVARADO,
DANNY SALAZAR,
JERRY ROARK,
DONNY BRITTON,
AUTUMN LEWIS, and
SUSAN WOLLART,

     Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATIONS

---

This matter is before the Court on two Recommendations from United States Magistrate Judge Timothy P. O'Hara.  [Doc. 232; Doc. 239].  Judge O'Hara recommends granting two motions for summary judgment on claims brought by Plaintiff Chad O'Neal Jones ("Plaintiff" or "Mr. Jones").[1]

---

[1] Mr. Jones proceeds pro se.  The Court thus affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

**I.    The Recommendations**

First, Judge O'Hara recommends granting Defendants Kathryn Drake, Kristyna Rogers, and Marlene Armenta's ("CDOC Defendants") motion for summary judgment on the sole claim against them, a claim for deliberate indifference under the Eighth Amendment and 42 U.S.C. § 1983.   [Doc. 232]; *see also* [Doc. 189].   Judge O'Hara concluded that Plaintiff failed to adduce sufficient evidence to show that his medical needs were "sufficiently serious" or that the CDOC Defendants knew he faced a risk of serious harm and disregarded that risk.   [Doc. 232 at 13–18].   Second, Judge O'Hara recommends granting a motion for summary judgment by Defendants Angie Turner, Stephanie Alvarado, Stephen Salazar, Jerry Roark, Donny Britton, Autumn Lewis, and Susan Wollart ("BCCF Defendants").   [Doc. 239]; *see also* [Doc. 175].   Plaintiff's claims against the BCCF Defendants cover a wider range of incidents but rely on a similar theory of deliberate indifference under the Eighth Amendment.   *See* [Doc. 239 at 4–5; Doc. 33 at 31–35 (Plaintiff's underlying allegations)].   Judge O'Hara determined that Plaintiff failed to make a sufficient showing of deliberate indifference to avoid summary judgment as to any of the BCCF Defendants.   [Doc. 239 at 12–23].   Finally, Judge O'Hara recommends (1) dismissing, without prejudice, Plaintiff's claims against Defendant Katherine Wolff, who has not been served and has not appeared in this suit; and (2) dismissing Plaintiff's Count V, which is against an unnamed defendant.   [Doc. 239 at 1 n.2, 24]; *see also* [Doc. 33 at 32].

Both Recommendations state that objections must be filed within 14 days after the Recommendation's service on the Parties.   [Doc. 232 at 18 n.12; Doc. 239 at 23 n.14]; *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).    Judge O'Hara's

Recommendation on the CDOC Defendants' motion issued on February 17, 2025, and was mailed to Mr. Jones that same day.  [Doc. 232; Doc. 233].  Judge O'Hara's Recommendation on the BCCF Defendants' motion issued on February 25, 2025, and was likewise mailed the same day.  [Doc. 239; Doc. 240].  The time to object to the Recommendations has therefore elapsed.

## II.    Plaintiff's Filings

Plaintiff has not objected to either Recommendation.  Since Judge O'Hara issued the Recommendations, Plaintiff has submitted two filings other than his response to the BCCF Defendants' motion.  [Doc. 238].  First, he submitted a "letter to the Judge & returning for appellate review with [extension] of time."  [Doc. 241].  This filing primarily responds to the CDOC Defendants' Notice Regarding Plaintiff's Status.  [Doc. 234].  Mr. Jones also asserts that "the court is try[ing] to stop legal action in this case," apparently based on his concern that the Court would rule without considering Mr. Jones's "Answer," i.e., his response brief.  [Doc. 241 at 2].  But Judge O'Hara acknowledged in both Recommendations that he had received and considered Plaintiff's responses.  [Doc. 232 at 232 at 2 n.2; Doc. 239 at 2].  And to the extent Plaintiff requests an "extension of time" to prepare for an appeal, the Court respectfully **DENIES** the request.  Such a request is properly directed to the U.S. Court of Appeals for the Tenth Circuit; it is not this Court's role to manage Plaintiff's appellate deadlines.

Second, Plaintiff filed a "Change of Address and to Ask for Hearing."  [Doc. 242]. He requests a status conference to address concerns about his safety and law library access.  [*Id.*].  That request is respectfully **DENIED without prejudice**.  In light of the Court's below rulings on the motions for summary judgment and Order to Show Cause,

3

the Court finds that further proceedings are unwarranted at this time. Moreover, Plaintiff filed a substantially similar motion in his other case before this Court, which the undersigned has referred to Judge O'Hara. *See Jones v. Stancil*, No. 24-cv-00750-NYW-TPO, ECF Nos. 116, 117 (D. Colo.). In sum, neither of Plaintiff's filings present the kind of "timely and specific" objection to the Recommendations that is required to "preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also* Fed. R. Civ. P. 72(b)(2) (permitting a party to raise "specific written objections to the proposed findings and recommendations").[2]

## III.    Ruling on Recommendations and Order to Show Cause

Absent a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendations to satisfy itself that there is "no clear error on the face of the record."[3]

---

[2] The Court also received an empty envelope from Plaintiff. [Doc. 243]. The envelope appears to have been damaged during transport and contained no papers by the time it arrived at the Court. [*Id.*]. It is unclear if the contents of this envelope were intended to be filed in this case or Plaintiff's other case. And even if the envelope did contain an objection, it was marked for inspection on March 18, 2026—a week after the deadline to object to Judge O'Hara's most recent Recommendation. [*Id.* at 1; Doc. 239].

[3] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendations are thorough, well-reasoned, and a correct application of the facts and the law. The Court respectfully **ADOPTS** Judge O'Hara's Recommendations on the CDOC Defendants' and BCCF Defendants' motions.

The Court will modify Judge O'Hara's Recommendation regarding the claims against Defendant Wolff and the unnamed defendant. Ms. Wolff has not been served, [Doc. 144], and Plaintiff recently indicated to Judge O'Hara that he intended to terminate her as a defendant in this suit, [Doc. 239 at 24 (quoting Doc. 224 at 2)]. And although Plaintiff stated in his Second Amended Complaint that the unnamed defendant would "be named at a later date," more than five years have passed without this defendant being named, let alone served. [Doc. 33 at 32]. Discovery ended nearly a year ago, [Doc. 152], and there is no sign that Plaintiff has identified this individual or intends to further pursue his claim against them.

Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 90 days to serve these defendants. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." With respect to the unnamed defendant, Rule 10(a) also requires a caption to a complaint to include the names of all parties, so "an action may be dismissed if the defendant is not sufficiently identified to permit service of process." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011) (quotation omitted), *aff'd*, 456 F. App'x 718 (10th Cir. 2012); Fed. R. Civ. P. 10(a). "[E]ven though Plaintiff is a pro se inmate, proceeding *in forma pauperis*,

5

he must still comply with the same rules of procedure governing other litigants, including Rule 4." *Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1144 (D. Colo. 2020) (collecting cases).

Here, the 90-day service deadline has long since expired. But while the Court concurs with Judge O'Hara that dismissal without prejudice is likely appropriate, the Court will modify the Recommendation to afford Plaintiff a final opportunity to show cause why his claims against the unserved defendants should not be dismissed. Accordingly, no later than **May 11, 2026**, Mr. Jones shall **SHOW CAUSE**, in writing, why his claims against Defendant Wolff and the unnamed defendant should not be dismissed for failure to serve. **<u>The Court expressly advises Plaintiff that failure to respond to the Order to Show Cause will result in dismissal of these claims without any further warning by the Court.</u>**

Accordingly, it is **ORDERED** that:

(1)    Judge O'Hara's Recommendation on the CDOC Defendants' motion for summary judgment [Doc. 232] is **ADOPTED**;

(2)    Judge O'Hara's Recommendation on the BCCF Defendants' motion for summary judgment [Doc. 239] is **ADOPTED AS MODIFIED**;

(3)    The CDOC Officials' Rule 56 Motion for Summary Judgment [Doc. 189] is **GRANTED**;

(4)    The BCCF Defendants' Motion for Summary Judgment [Doc. 175] is **GRANTED**;

(5)    To the extent Plaintiff's "letter to the Judge" [Doc. 241] requests an extension of Plaintiff's appellate deadlines, that request is **DENIED**;

(6)     Plaintiff's request for a hearing [Doc. 242] is **DENIED without prejudice**;

(7)     No later than **May 11, 2026**, Mr. Jones shall **SHOW CAUSE**, in writing, why

his claims against Defendant Wolff and the unnamed defendant should not

be dismissed for failure to serve; and

(8)     The Clerk of Court shall mail a copy of this Order to:

> Chad O'Neal Jones
> #160427
> Sterling Correctional Facility
> P.O. Box 6000
> Sterling, CO 80751

DATED:  April 9, 2026                         BY THE COURT:

_____
Nina Y. Wang
United States District Judge

7